Mario GALLARDO, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 03–16540.

D.C. No. CV–02–06021–SMS.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2005.*

Decided Feb. 16, 2005.

Henry F. Reynolds, Santa Monica, CA, for Plaintiff–Appellant.

Linda M. Anderson, Office of the U.S. Attorney, Fresno, CA, for Defendant–Appellee.

Before WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

▇ Gallardo appeals from the magistrate judge's decision affirming the Commissioner of Social Security's denial of his application for disability insurance benefits. He contends the Administrative Law Judge (ALJ) improperly discredited his allegations of pain and physical impairment because the ALJ failed to cite specific, clear and convincing reasons in support of his determination. *See Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993). However, the ALJ's detailed juxtaposition of Gallardo's allegations with the findings of Dr. Madireddi and Dr. Bianchi clearly and specifically revealed significant discrepancies. Although the ALJ did not nearly summarize these discrepancies after making the credibility determination, the discussion was sufficiently specific to indicate that it is supported by substantial evidence. *See Magallanes v. Bowen,* 881 F.2d 747, 755 (9th Cir.1989). In addition, the ALJ pointed out that Gallardo was currently being treated only by a chiropractor, notwithstanding that he had told Dr. Madireddi that the chiropractic treatments provided no benefit. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995).

▇ Gallardo also argues that the ALJ rejected functional limitations imposed by the various physicians and disregarded their opinions "without giving specific and legitimate reasons." However, the ALJ accorded "significant weight" to the opinions of Dr. Madireddi and Dr. Bianchi, and Dr. Jansen reached essentially the same conclusions as Dr. Madireddi. Any limitations which were omitted from the ALJ's express findings were simply immaterial to its determination that Gallardo could perform his previous work. The ALJ properly gave less weight to Dr.

Peterson's statements because they were made well before the alleged onset date of Gallardo's disability. *See Burkhart v. Bowen,* 856 F.2d 1335, 1340 n. 1 (9th Cir. 1988); *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir.2003) ("[T]he ALJ is not required to discuss evidence that is neither significant nor probative. . . .").

▇ Finally, Gallardo contends the ALJ failed to satisfy his affirmative duty to develop a detailed factual record. However, Gallardo himself provided a detailed description of his prior work, including, for example, the total hours each day that he walked, stood, sat, and stopped, as well as the amount of weight he frequently lifted.

We reject Gallardo's remaining arguments for the reasons stated by the magistrate judge.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.